## CITY OF FORT WORTH v. SOUTHLAND GREYHOUND LINES, Inc.

### No. 1449—6119.

Commission of Appeals of Texas, Section B.

Nov. 28, 1933.

R. E. Rouer, City Atty., J. M. Floyd, and R. B. Young, Jr., all of Fort Worth, for appellant.

Cantey, Hanger & McMahon, of Fort Worth, and Sylvan Lang, of San Antonio, for appellee.

SHORT, Presiding Judge.

This case is before the Supreme Court on two certified questions from the Court of Civil Appeals of the Second judicial district. The statement accompanying the questions, in view of the fact that the Court of Civil Appeals has written a correct opinion disposing of the case, the nature of the case being fully stated therein, may be summarized as follows: The appellee is a domestic corporation duly authorized to engage in the business of transporting passengers by means of busses from one point to another over the state, having its domicile in San Antonio, Bexar county, Tex., where it renders for taxation all of its personal property, and where it pays the taxes due thereon. The appellant, through its duly authorized agent, seized one of these busses and advertised it for sale to pay certain sums which the appellant claims were due for taxes to the city of Fort Worth, by reason of the fact that some of these busses, averaging four in number, were kept by appellee in the city of Fort Worth in carrying on its business. The appellee sued out an injunction, and upon the trial of the case the district court made the injunction permanent, and, upon appeal to the Court of Civil Appeals, the judgment of the trial court was affirmed, but, upon consideration of the motion for rehearing, the following questions were certified to the Supreme Court:

(1) "Can the motor busses of the plaintiff that are necessary to be kept and used in the City of Fort Worth for the purpose of maintaining its runs and schedules be taxed by the City of Fort Worth, or must they be taxed in the City of San Antonio, the admitted domicile and principal place of business of appellee?

(2) "Did the Board of Equalization of the City of Fort Worth have the power to add the plaintiff's motor busses to its tax roll?"

The certificate from the Court of Civil Appeals contains the following:

"It is not contended by appellant that the same cars stay in Fort Worth, but that the same number of cars stay in Fort Worth during the year. The plaintiff predicates its case upon the theory that the rolling stock of a motor bus transportation company, such as it was operating, incorporated under the laws of the State of Texas, owning busses that were being operated between numerous large cities, and which busses were subject to being shifted from one operating division to another, were subject to taxation only in the city where its principal office was located; the position of the plaintiff being that the very nature of its business precluded the idea of its motor equipment and busses acquiring a situs for taxable purposes at any other place than the domicile and principal office of plaintiff.

"Defendant contends that in view of the fact that the company maintains division headquarters in Fort Worth with machine shops and division officers permanently located there, it is necessary to have a certain number of busses there permanently in order to take care of the runs and regular schedules in and out of said city."

The opinion of the Court of Civil Appeals is reported in 67 S.W.(2d) 354.

We approve the opinion of the Court of Civil Appeals, and recommend that the certified questions be answered in accordance therewith.

CURETON, Chief Justice.

The opinion of the Commission of Appeals answering the certified questions is adopted and ordered certified.